## THE DESTROYER.

ALLEN et al. v. THE DESTROYER.[1]

(District Court, S. D. New York. April 20, 1893.)

SEAMEN'S WAGES—SERVICES NOT RENDERED IN NAVIGATING VESSEL.
    To entitle one to a lien for wages against a vessel it is not necessary that the services be rendered in navigation alone. Hence, when engineers were employed on a submarine torpedo boat, partly in moving her about, but mainly in operating her machinery for throwing projectiles, which was her sole business, it was *held* that they had a lien for balance of wages, though the government was at the time experimenting with the boat, and was allowing the men a daily compensation.

[1] Reported by E. G. Benedict, Esq., of the New York bar.

In Admiralty. Libel by Edward Allen and Henry Allen against the steamer Destroyer for wages. Decree for libelants.

Alexander & Ash, for libelants.
T. Darlington, for claimant.

BROWN, District Judge. The above libel was filed to recover a balance of wages between February and December, 1892, on the steamer Destroyer. The steamer was built as a fighting vessel for the purpose of discharging submarine torpedoes; and during the time for which the wages in question are claimed, naval officers were making experiments for the purpose of enabling the government to determine whether it should take the steamer upon an option for which it had contracted. The libelants were the engineer and assistant engineer of the boat; and their services were necessary, both in operating the machinery for navigation, which, however, was but slight, as the vessel was moved but little during these experiments, and also in working the machinery for the discharge of the projectiles.

During the period of these experiments $3.50 per day was allowed and paid to each man by the government for the use of their services. The libelants had refused, however, to work the boat during these experiments at those wages, and an additional sum had been promised them, namely, $1 per day more to Edward Allen, and 50 cents per day more to Henry. The respondent claims that there was no lien on the vessel for the wages of the men, and that it was agreed that Mr. Lassoo personally should be alone responsible for the extra amount.

The balances claimed are not extra wages. The men were not in the direct service or employment of the government; though the government, for the use of the men's services, allowed and paid $3.50, which is credited upon their wages agreed on.

I think the men are entitled to the lien claimed. The vessel was a completed one. The services of the men were rendered on board the vessel, and directly for her benefit and for the benefit of the owners. The services were, moreover, rendered in the special business of the ship, namely, in moving her about, so far as moving was desired, but mainly in operating her machinery for throwing projectiles, which is her sole business. To entitle the men to a lien upon the ship for wages, it is not necessary that their services be rendered in navigation alone. All, save the master, who do service on board in the business of the ship have an equal lien. On the steamers of the present day, for instance, none of the men engaged in the steward's department usually have any duties of navigation. But they have a lien for wages, because they render a service to the ship and in her business. The services of the libelants were directly in the business of the ship, and in the interest of the owners, viz. to make the experiments successful, and the vessel acceptable to the government. One of the principal points in dispute, therefore, namely, whether the Ericsson Coast Defense Company, or Mr. Lassoo, personally,

agreed that the wages should be $4.50 and $4 respectively, is immaterial. The company was not the owner of the vessel, but had built her for the owners. Mr. Lassoo was the executor of one of the principal owners. Whether the arrangement for the amount of wages was made by the one or the other, the employment of the men was equally upon the authority and consent of the owners and for their benefit; and that is all that is needful to entitle the libelants to a lien. The evidence leaves no doubt, however, that the men's services were not rendered upon any personal credit of Mr. Lassoo. Decree for the libelants, with interest and costs.